UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW IZEH,

                           Plaintiff,

            -against-                                    25-CV-5656 (LTS)

DEPARTMENT OF CORRECTION; THE                    ORDER OF DISMISSAL
WARDEN RIKERS ISLAND/RNDC;                      UNDER 28 U.S.C. § 1915(g)
ADMINISTRATION OFFICERS RIKERS
ISLAND CORRECTION,

                           Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a prisoner at the Robert N. Davoren Center on Rikers Island, filed this action *pro se*. On July 18, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court vacates the order granting his IFP application and dismisses this complaint without prejudice pursuant to the IFP statute's three-strikes provision. *See* 28 U.S.C. § 1915(g).

### PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following "three-strikes" provision to the IFP statute:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff has accumulated three "strikes" under the PLRA, and he is therefore barred under § 1915(g) from filing IFP. *See Izeh v. Ambassador of Nigeria to the United States of America*, No. 25-CV-3975 (KMW) (S.D.N.Y. November 18, 2025) (listing more than cases that were dismissed on strike ground before 2025, and

determining, after giving Plaintiff notice and opportunity, that he is barred under Section 1915(g). Because Plaintiff is barred under Section 1915(g), Plaintiff must either pay the filing fee or allege facts demonstrating that he is "under imminent danger of serious physical injury." The complaint, however, does not set forth allegations that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that on May 25, 2025, he slipped and fell because water had pooled in an area near the telephones, injuring his head, back, and elbow. (ECF 1.) Plaintiff is therefore barred from filing this action IFP. *See* 28 U.S.C. § 1915(g).

### CONCLUSION

The Court vacates the July 18, 2025 order granting Plaintiff leave to proceed IFP (ECF 5), and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

Dated:    December 1, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3